XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PETER D. HALLORAN, State Bar No. 184025
Supervising Deputy Attorney General
SHANNA M. MCDANIEL, State Bar No. 229249
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7874
 Fax: (916) 324-5567
 E-mail: Shanna.McDaniel@doj.ca.gov
*Attorneys for Defendants
California Department of Corrections and
Rehabilitation, Scott Kernan, and Ralph Diaz*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E. PARKER and L. LAPORTA,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, SCOTT KERNAN, in his individual capacity, RALPH DIAZ, in his individual and official capacity, inclusive,**<br><br>Defendants. | 2:18-CV-02646-TLN-AC<br><br>**STIPULATION AND ORDER TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER**<br><br>Action Filed: September 27, 2018 |

Pursuant to Federal Rule of Civil Procedure 16, the parties hereto stipulate to, and request, that the Court modify the discovery and motion deadlines set forth in the October 11, 2018 Initial Pretrial Scheduling Order on the following grounds:

A.  This is a complicated employment law action involving two plaintiffs and three defendants. Plaintiff Erin Parker in a Special Agent in Charge at the California Department of Corrections and Rehabilitation (CDCR). Plaintiff Lisa LaPorta is a Special Agent at CDCR.

1

Both plaintiffs sue for gender discrimination, among other claims. They contend, among other things, that they were passed over for numerous promotions over the last few years and were mistreated on account of their gender.

B. Due to two recent failures to promote Special Agent LaPorta, Plaintiff La Porta will shortly seek to amend the complaint either by stipulation or motion to allege that these are additional examples of gender discrimination and/or retaliation.

C. The parties have been diligently engaging in discovery and have scheduled a mediation for October 1, 2019. However, due to calendar conflicts, the large amounts of documentary and electronic discovery in this case, and the large numbers of depositions still to be conducted, it will be impossible for the parties to complete percipient discovery within the time frames set by the Court. Thus, the parties seek to reset the discovery and motion deadlines as follows:

| | |
|---|---|
| May 31, 2020 | Last day to complete percipient discovery and notice discovery motions per section II of Initial Scheduling Order. |
| July 31, 2020 | Last day to designate and serve expert witness disclosures per Section III of Initial Scheduling Order. |
| August 31, 2020 | Last day to designate and disclose supplemental expert witnesses per Section III of Initial Scheduling Order. |
| September 30, 2020 | Last day to conduct expert witness discovery. |
| November 30, 2020 | Last Day to file dispositive motions. |

D. Counsel for the parties have had a very cordial and professional relationship throughout this litigation. The parties met and conferred about discovery in late 2018 and filed their joint Rule 26 Status Report on December 20, 2018.

E. Shortly after the Rule 26 statement was filed, counsel for the defendants, Shanna McDaniel, was assigned to take over a case for an attorney who had taken on a new role. (*Marcella Crisan v. Department of State Hospitals*, Sacramento County Superior Court Case

2

number 34-2015-00174376.) That case was scheduled to go to trial on March 4, 2019. That case was quite complex and contentious as it involved over 11 volumes of the plaintiff's deposition alone, multiple other depositions, and over 11 motions in limine. There was also a fair amount motion practice that occurred in the months before trial and even during trial.

F. Additionally, plaintiff's counsel, Leslie Levy, was scheduled for trial in mid-February. That trial was scheduled to last at least three weeks.

G. In light of both counsel's respective trial conflicts, the parties agreed to delay the making of initial disclosures and document productions until after the respective trials were completed.

H. Ms. Levy's trial was continued just before trial. However, Ms. McDaniel's case ended up going to trial on March 25 and did not conclude until April 24, 2019. As discussed below, defense counsel has been diligently attempting to provide initial disclosure documentation and comply with discovery requests since then.

I. Despite these trial conflicts, the parties have been attempting to move the case forward by conducting discovery and setting a mediation. In late February 2019, the defendants served subpoenas on plaintiff's medical providers. Plaintiffs objected to the scope of those subpoenas and the subpoenas were withdrawn. The parties are attempting to work out the discovery dispute without engaging the court.

J. On or about March 8, 2019, plaintiffs served defendant CDCR with a Request for Production of Documents. This request was quite comprehensive and contained 113 separate requests for production. At the same time, Ms. Levy served deposition notices for four individuals. As Ms. McDaniel was in trial at this time, Ms. Levy agreed to delay the document response and production dates until after Ms. McDaniel was done with the trial. She also agreed to put off the depositions until after Ms. McDaniel was done with trial.

K. At around the time of service of this Request for Production, Ms. McDaniel's supervisor, Peter Halloran, agreed to fill in for Ms. McDaniel in an effort to obtain the relevant documents while Ms. McDaniel was in trial. Mr. Halloran commenced the process of drafting responses and communicating with CDCR about obtaining the responsive records. However, due

3

to Mr. Halloran's heavy caseload, and the quantity of responsive records, he was unable to obtain all of the responsive records.

L. Since the completion of her trial in late April 2019, Ms. McDaniel has taken the lead in attempting to diligently locate and produce all of the responsive documents. During this process, it was discovered by counsel for the defendants that the process of obtaining the records is much more complex than initially thought and that the quantity of records to be produced is much larger than initially believed.

M. Specifically, on or about June 17, 2019, counsel for the defendants produced over 6,000 pages of documents to counsel for plaintiffs. Counsel for defendants are still in the process of reviewing a large quantity of additional documents and anticipate producing many additional pages of documents over at least two additional productions. It has also become apparent that there are larger e-discovery issues that first anticipated. Specifically, to comply with the plaintiffs' requests, CDCR will have to search through the emails and cell phone records of numerous CDCR employees. It is expected that counsel will need to meet and confer about search terms for the email and cell phone searches. It is thus anticipated that it will take CDCR at least another four weeks from the date of this Stipulation to provide an additional substantive production to the plaintiffs. The searches of the electronic discovery may take a little longer.

N. Further, it is anticipated that the parties will be producing confidential personnel, medical and other records which are protected by privacy rights. Thus, the parties have entered into a Stipulated Protective Order to allow for the production of such records.

O. Since Ms. McDaniel has completed her trial, other discovery has been scheduled. Specifically, the parties have taken Chief Derrick Marion's deposition. Depositions of four other defense witnesses are set in July and September. Furthermore, the parties have agreed to commence Ms. Parker's deposition on July 29, 2019 in Sacramento and Ms. LaPorta's deposition for July 31, 2019 in Sacramento.

P. Even prior to these depositions being set, the parties discussed the possibility of mediating this case. The parties agreed that a mediation would be unproductive until after at least one day of deposition of each plaintiff and of the four deponents who plaintiff initially sought to

4

1 depose. Thus, the parties have scheduled a mediation for October 1, 2019 in Oakland with Jeffrey Ross.

Q. If the mediation is not successful, plaintiffs anticipate further depositions of some of the five persons whose depositions will be completed prior to the October 1 mediation and of at least 15 other individuals. Also, the defendants anticipate that they will need to conduct the depositions of at least five to eight other percipient witnesses, not including the plaintiffs' medical providers. Defendants cannot evaluate the need to depose the medical providers until after receiving the documents sought via subpoena and after the plaintiffs' depositions. Thus, there is ample additional percipient discovery still to conduct. At this time, it is too early to anticipate the scope of the expert discovery that will be needed by each side. .

R. Thus, the parties have been diligently attempting to move this case along and to conduct appropriate discovery. However, due to the numbers of litigants (two plaintiffs and three defendants), the large quantity of potentially responsive or relevant documents, and the continuing need to search electronic resources, it is impossible to complete discovery in accordance with the time limits contained in the Initial Scheduling Order. Thus, the parties respectfully request that the Initial Scheduling Order be modified in accordance with the dates set forth in paragraph B above. The parties agree that the remainder of the Initial Scheduling Order shall remain in full force and effect.

IT IS SO STIPULATED AND AGREED

| | |
|---|---|
| Dated: July 11, 2019 | Respectfully submitted,<br><br>XAVIER BECERRA<br>Attorney General of California<br>PETER D. HALLORAN<br>Supervising Deputy Attorney General<br><br><br>/s/ Shanna M. McDaniel<br><br>SHANNA M. MCDANIEL<br>Deputy Attorney General<br>*Attorneys for Defendants*<br>*California Department of Corrections and*<br>*Rehabilitation, Scott Kernan, and*<br>*Ralph Diaz* |
| Dated: July 11, 2019 | LEVY VINICK BURRELL HYAMS LLP<br>Attorney General of California<br><br><br>/s/ Leslie F. Levy<br><br>LESLIE F. LEVY<br>*Attorneys for Plaintiffs, E. Parker and*<br>*L. LaPorta* |

**ORDER**

Good cause appearing therefor, it is hereby ordered that the deadlines set forth in the Court's October 11, 2018 Initial Pretrial Scheduling Order is hereby modified as follows:

| | |
|---|---|
| May 31, 2020 | Last day to complete percipient discovery and notice discovery motions per section II of Initial Scheduling Order. |
| July 31, 2020 | Last day to designate and serve expert witness disclosures per Section III of Initial Scheduling Order. |
| August 31, 2020 | Last day to designate and disclose supplemental expert witnesses per Section III of Initial Scheduling Order. |

| September 30, 2010 | Last day to complete expert witness discovery. |
|---|---|
| **December 17, 2020** | **Last Day to _hear_ dispositive motions.** |

Except for the dates specified above, all other parts of the Initial Pretrial Scheduling Order shall remain in full force and effect.

IT IS SO ORDERED.

DATED: July 11, 2019

Troy L. Nunley
United States District Judge